1  NICOLA T. HANNA
   United States Attorney
2  DAVID M. HARRIS
   Assistant United States Attorney
3  Chief, Civil Division
4  BRENDAN T. MOCKLER (CBN 302083)
   Assistant United States Attorney
5  Chief, Financial Litigation Section
        Federal Building, Suite 7516
6       300 North Los Angeles Street
        Los Angeles, California 90012
7       Telephone: (213) 894-5707
        Facsimile: (213) 894-7819
8       E-mail: brendan.mockler@usdoj.gov
9
10 Attorneys for Plaintiff
   UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>KRISTY HANSEN,<br><br>    Defendant. | No. EDCV 20-1207<br><br>**COMPLAINT FOR RELIEF AGAINST TRANSFER FRAUDULENT AS TO A DEBT OF THE UNITED STATES** |

Upon information and belief, plaintiff United States of America (the "Plaintiff"), by and through undersigned counsel, alleges as follows:

1. This is a civil action brought pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3301, *et seq.*, ("FDCPA") by the United States against defendant Kristy Hansen ("Defendant-Wife") in connection with a fraudulent transfer made to her by criminal defendant Lee David Hansen ("Mr. Hansen"). Prior to making the fraudulent transfer, Mr. Hansen incurred a criminal debt based on the terms of the plea agreement the case *United States v. Lee David Hansen*, Case No. 5:18-CR-339-01-CJC, currently pending before the Honorable Cormac J. Carney. The United States seeks to avoid the transfer of money from Mr. Hansen to Defendant-Wife because the transfer is fraudulent as to a debt to the United States as set forth in 28 U.S.C. § 3304(a).

## JURISDICTION AND VENUE

2. Jurisdiction over this action is conferred by 28 U.S.C. § 1345.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant-Wife resides within this district.

## PARTIES

4. Plaintiff is the United States of America ("Plaintiff").

5. Defendant-Wife is a California resident who resides in Chino, California, and is the spouse of Mr. Hansen. Defendant-Wife and Mr. Hansen have been married since October 13, 1990.

## FACTUAL BACKGROUND

*The Criminal Proceeding*

6. On June 6, 2017, law enforcement executed a search warrant at the residence of Mr. Hansen. On that day, images in Mr. Hansen's possession (in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2)) were discovered. Also on June 6, 2017 Mr. Hansen was interviewed by law enforcement during which interview Mr. Hansen admitted he possessed the discovered images.

7. On December 12, 2018, the United States filed an indictment charging Mr.

1  Hansen with a violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1): Distribution of Child
2  Pornography, and a violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2): Possession of Child
3  Pornography. (Exhibit A, Criminal Docket Listing, *United States v. Lee David Hansen*,
4  Case No. 5:18-CR-339-01-CJC (C.D. Ca.))

5      8.    On December 20, 2018, Mr. Hansen was arrested, made his first appearance
6  in the federal criminal matter, and was released on bond.

7      9.    On December 3, 2019, Mr. Hansen signed a plea agreement in which he
8  agreed to plead guilty to a violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1): Distribution
9  of Child Pornography. (Exhibit B, Plea Agreement) He also agreed to pay the following:

10     a.    A special assessment of $100 (special assessment is mandatory
11         pursuant to 18 U.S.C. § 3013);
12     b.    Full restitution for the count of conviction and all relevant conduct in
13         an amount not specified in the plea agreement (restitution is
14         mandatory pursuant to 18 U.S.C. § 3663A), and
15     c.    A $5,000 special assessment pursuant to 18 U.S.C. § 3014 if the
16         Court determines he is a non-indigent person (special assessment is
17         mandatory for the count of conviction if the person is non-indigent).

18     10.    Collectively, these three monetary obligations are considered a "debt" as
19 that term is defined by 28 U.S.C. § 3002(3).

20     11.    Mr. Hansen is a "debtor" as that term is defined by 28 U.S.C. § 3002(4).

21     12.    The United States has a "claim" as that term is defined by 28 U.S.C. §
22 3301(3) and, accordingly, is a "creditor" as that term is defined in 28 U.S.C. § 3301(4).

23     13.    On January 6, 2020, Mr. Hansen plead guilty to a violation of 18 U.S.C. §
24 2252A(a)(2)(A), (b)(1): Distribution of Child Pornography, pursuant to the terms of his
25 plea agreement with the USAO and was remanded to the custody of the U.S. Marshal
26 forthwith.

27     14.    On February 26, 2020, Mr. Hansen was interviewed in connection with his
28 presentence report.

15. On April 28, 2020, Mr. Hansen's presentence report was disclosed to the court and the parties in the criminal matter.

16. Since Mr. Hansen's guilty plea in the criminal matter, sentencing has been continued three times and as of the filing date of this Complaint is set for July 8, 2020.

17. Mr. Hansen has filed sentencing position papers indicating as follows: Mr. Hansen agrees that he owes the $100 special assessment, and $6,000 total restitution ($3,000 to each of two victims), but takes the position that he cannot pay $6,100 in full immediately upon sentencing.

18. Mr. Hansen does not agree that he owes the $5,000 special assessment, taking the position that he is an indigent person, and, according to him, the special assessment does not apply. Mr. Hansen, however, transferred a significant sum of money to Defendant-Wife to create the impression that he falls within the indigent classification to avoid being subject to the $5,000 special assessment.

19. Accordingly, Mr. Hansen acknowledges he owes to the United States a minimum of $6,100 in restitution and mandatory special assessment, and a maximum sum of $11,100 if the additional special assessment is added should the sentencing court declare him to be non-indigent. After taking into account the fraudulently transferred funds, Mr. Hansen is not indigent.

***The Fraudulent Transfer***

20. Shortly before his change of plea hearing on January 6, 2020, after which he was remanded to custody, Mr. Hansen transferred $42,346 to Defendant-Wife.

21. The money Mr. Hansen transferred to his spouse was the distribution of a settlement paid to Mr. Hansen as the result of a class action suit brought by delivery drivers to resolve wage and hour claims (Exhibit C, *Carter v. XPO Logistics Qualified Settlement Fund*, Prelim. Approval of Class Action Settlement, 2019 WL 8641140, Ca. N.D. (June 27, 2019)). Mr. Hansen received in excess of $69,000, in two disbursements, during the 2019 tax year (Exhibit D, Declaration of Marilyn E. Chase).

22. Mr. Hansen had over $40,000 remaining from the class action distribution,

1  and that he had transferred it to Defendant-Wife before he was remanded to custody on
2  January 6, 2020.
3      23.    The transfer of cash from Mr. Hansen to Defendant-Wife left Mr. Hansen
4  without funds to satisfy the debt to which he agreed pursuant to his plea agreement in his
5  criminal case.
6      ***The Federal Debt Collection Procedures Act.***
7      24.    The FDCPA, 28 U.S.C. §§ 3001–3308 provides several different definitions
8  of "fraudulent transfer."  First, if a debt arises before the transfer is made, the debtor
9  does not receive "reasonably equivalent value in exchange for the transfer," and the
10 debtor is insolvent or becomes insolvent after the transfer, then the transfer is fraudulent.
11 28 U.S.C. § 3304(a).  Second, a transfer is fraudulent if it is made with "actual intent to
12 hinder, delay, or defraud a creditor" regardless of whether the debt arose before or after
13 the transfer.  28 U.S.C. § 3304(b)(1)(A).  Third, a transfer is considered fraudulent as to
14 a debt due the United States if the debtor does not receive "reasonably equivalent value
15 in exchange for the transfer" and the debtor "believed or reasonably should have
16 believed that he would incur debts beyond his ability to pay as they became due."  28
17 U.S.C. § 3304(b)(1)(B).  Under any of these definitions, the transfer is fraudulent as to
18 the United States.

### FIRST CLAIM FOR RELIEF
*(Transfer Fraudulent as to a Debt to the United States, 28 U.S.C. § 3304(a)(1))*

21     25.    The United States re-alleges and incorporates herein by reference all
22 preceding paragraphs of this Complaint.
23     26.    Mr. Hansen incurred a debt as to the United States on December 3, 2019
24 when he signed a plea agreement (Exhibit B, Plea Agreement) in which he agreed to
25 plead guilty to a violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1): Distribution of Child
26 Pornography and pay: (a) a special assessment of $100 (special assessment is mandatory
27 pursuant to 18 U.S.C. § 3013); (b) full restitution for the count of conviction and all
28 relevant conduct in an amount not specified in the plea agreement (restitution is

1 mandatory pursuant to 18 U.S.C. § 3663A), and (c) a $5,000 special assessment pursuant to 18 U.S.C. § 3014 if the Court determines he is a non-indigent person (special assessment is mandatory for the count of conviction if the person is non-indigent).

27. Mr. Hansen incurred a debt as to the United States before transferring over $40,000 to Defendant-wife.

28. The transfer was made without Mr. Hansen receiving a reasonably equivalent value in exchange for the transfer.

29. Mr. Hansen became insolvent as a result of the transfer.

## SECOND CLAIM FOR RELIEF

*(Transfer Fraudulent as to a Debt to the United States, 28 U.S.C. § 3304(b)(1)(A))*

30. The United States re-alleges and incorporates herein by reference all preceding paragraphs of this Complaint.

31. At some time in 2019 or 2020, but prior to January 6, 2020, Mr. Hansen transferred $11,100 in cash to Defendant-wife with the actual intent to hinder, delay, or defraud the United States in its efforts to collect a debt.

32. When Mr. Hansen made the transfer, he had actual knowledge that he was being investigated by federal law enforcement for violation of federal criminal laws regarding possession of child pornography.

33. Defendant-Wife, to whom Mr. Hansen transferred the $11,100, qualifies as an "insider" as that term is defined by 28 U.S.C. § 3301(5), as she is his spouse and had been his spouse during all relevant times.

34. Mr. Hansen made the transfer to Defendant-Wife in order to render himself without funds to satisfy the debt he agreed to pay pursuant to the terms of his plea agreement.

35. Mr. Hansen made the transfer to Defendant-Wife in order to be appear to be indigent to avoid imposition of the $5,000 special assessment.

36.

## THIRD CLAIM FOR RELIEF

*(Transfer Fraudulent as to a Debt to the United States, 28 U.S.C. § 3304(b)(1)(B))*

37. The United States re-alleges and incorporates herein by reference all preceding paragraphs of this Complaint.

38. Mr. Hansen did not receive a reasonably equivalent value in exchange for his transfer of $11,100 in cash to Defendant-Wife.

39. At the time of the transfer of cash from Mr. Hansen to Defendant-Wife, Mr. Hansen knew of the investigation into his criminal conduct and, therefore, believed or reasonably should have believes that he would incur substantial debt beyond his ability to pay.

## PRAYER FOR RELIEF

WHEREFORE, the United States requests relief as follows:

40. Declare that Mr. Hansen's transfer of $11,100 cash to Defendant-Wife was fraudulent as to a debt to the United States pursuant to 28 U.S.C. § 3304(a)(1).

41. Declare that Mr. Hansen's transfer of $11,100 cash to Defendant-Wife was fraudulent as to a debt to the United States pursuant to 28 U.S.C. § 3304(b)(1)(A).

42. Declare that Mr. Hansen's transfer of $11,100 cash to Defendant-Wife was fraudulent as to a debt to the United States pursuant to 28 U.S.C. § 3304(b)(1)(B).

43. Avoid the transfer to the extent necessary to satisfy the debt to the United States pursuant to 28 U.S.C. § 3306(a)(1).

44. Assess the mandatory 10% surcharge on Defendant-Wife pursuant to 28 U.S.C. § 3011(a), in the event action is taken under subchapters B or C of the FDCPA.

///
///
///

45. Award the United States post-judgment interest pursuant to 28 U.S.C. § 1961.

Dated: June 11, 2020.

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division


*/s/ Brendan T. Mockler*
BRENDAN T. MOCKLER
Assistant United States Attorney
Chief, Financial Litigation Section

Attorneys for Plaintiff
United States of America